**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                    No. 98-4712

DONALD WILKERSON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CR-98-31)

Submitted: June 15, 1999

Decided: June 30, 1999

Before HAMILTON and WILLIAMS, Circuit Judges,
and HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jane Moran, Williamson, West Virginia, for Appellant. Rebecca A.
Betts, United States Attorney, John C. Parr, Assistant United States
Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Donald Wilkerson was charged with four counts of distributing cocaine base, 21 U.S.C. § 841(a)(1) (1994). According to the Government, Wilkerson sold cocaine base on four occasions to a confidential informant. A jury acquitted Wilkerson of three counts and found him guilty of one count of distribution. The Government relied on the confidential informant's testimony and audio tape recordings of the transactions. On appeal, Wilkerson contends that: (1) the district court erred by admitting the tape recordings because of their poor quality; (2) the district court erred by permitting the jury to look at Government prepared transcripts during the playing of the tape recordings; (3) the district court prevented Wilkerson from presenting a defense; and (4) the district court improperly attributed for sentencing purposes the crack cocaine involved in the acquitted conduct. Finding no reversible error, we affirm.

The court did not abuse its discretion in admitting the tape recordings. See United States v. Hall, 342 F.2d 849, 852 (4th Cir. 1965). The Government established a sufficient foundation and the inaudible portions of the tape recordings did not render the tape recordings untrustworthy. See United States v. Pope, 132 F.3d 684, 688 (11th Cir. 1998); United States v. McMillan, 508 F.2d 101, 104-05 (8th Cir. 1974) (discussing criteria for establishing a proper foundation). The audible portions of the tape recordings had probative value. See United States v. Arango-Correa, 851 F.2d 54, 58-59 (2d Cir. 1988). Similarly, the court did not abuse its discretion in permitting the jury to use transcripts of the tape recordings as guides. See United States v. Arango-Correa, 851 F.2d 54, 58-59 (2d Cir. 1988). The court gave a proper limiting instruction to the jury and Wilkerson was able to cross-examine witnesses regarding any discrepancies. See United States v. Capers, 61 F.3d 1100, 1107 (4th Cir. 1995).

The district court did not abuse its discretion in finding Wilkerson's proffered defense to be irrelevant and inadmissible. See United States v. Lancaster, 96 F.3d 734, 744 (4th Cir. 1996), cert. denied, 519 U.S. 1120 (1997).

Finally, the district court did not clearly err in its factual finding that a preponderance of the evidence established Wilkerson's involvement in three crack cocaine transactions other than the one for which he was convicted. See United States v. Watts, 519 U.S. 148, 157 (1997); United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3790 (U.S. June 15, 1998) (No. 97-9085).

Accordingly, we affirm Wilkerson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3